[Cite as *State v. Potter*, 2020-Ohio-431.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### HANCOCK COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO.  5-19-14

    v.

JAMES J. POTTER,                     O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Hancock County Common Pleas Court
Trial Court No. 2018 CR 00038

Judgment Affirmed

Date of Decision:   February 10, 2020

APPEARANCES:

    *W. Alex Smith* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, James J. Potter ("Potter"), appeals the May 14, 2019 judgment of sentence of the Hancock County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case arises from an incident that occurred on Michelle Winters ("Michelle") and Christopher Winters' ("Christopher") (collectively the "Winterses") property in February 2018. (Jan. 14-15, 2019 Tr., Vol. I, at 179). In early 2018, the Winterses, who reside in Findlay, Ohio, were temporarily living in an outbuilding located at the rear of their property while their home was being renovated. (*Id.* at 179-180, 197-198). At approximately 1:50 a.m. on the morning of February 4, 2018, the Winterses were in the outbuilding lying in bed and watching television when they heard a loud pounding noise coming from the direction of one of the outbuilding's two doors. (*Id.* at 181-182, 198). As the pounding intensified, Michelle called 911 and Christopher approached the door to investigate the source of the noise. (*Id.* at 182-184). After a few moments, the door swung "completely open to the outside." (*Id.* at 215). Christopher immediately yelled at the person who opened the door, which prompted the person to flee. (*Id.* at 216-217). Christopher briefly pursued the person before returning to the outbuilding. (*Id.* at 185-186). A short time later, law enforcement officers apprehended Potter in the

vicinity of the Winterses' property, and Christopher identified Potter as the person who fled from his property.

{¶3} On February 13, 2018, the Hancock County Grand Jury indicted Potter on one count of trespass in a habitation when a person is present or likely to be present ("trespass in a habitation") in violation of R.C. 2911.12(B), a fourth-degree felony. (Doc. No. 1). On February 14, 2018, Potter appeared for arraignment and pleaded not guilty. (Doc. No. 3).

{¶4} A jury trial was held on January 14-15, 2019. (Doc. No. 73); (Jan. 14-15, 2019 Tr., Vol. I, at 1); (Jan. 14-15, 2019 Tr., Vol. II, at 319). At the close of evidence, the State requested that the trial court instruct the jury on attempted trespass in a habitation in addition to trespass in a habitation. (Jan. 14-15, 2019 Tr., Vol. II, at 398-399). The trial court granted the State's request over Potter's objection and provided the jury with an instruction on attempted trespass in a habitation. (*Id.* at 399-401, 413-414). On January 15, 2019, the jury found Potter not guilty of trespass in a habitation. (Doc. No. 69). However, the jury found Potter guilty of attempted trespass in a habitation. (Doc. No. 70).

{¶5} On April 29, 2019, the trial court sentenced Potter to 12 months in prison, with credit for 122 days served. (Doc. No. 99). The trial court filed its judgment entry of sentence on May 14, 2019. (*Id.*).

{¶6} Potter filed his notice of appeal on May 24, 2019. (Doc. No. 103). He raises one assignment of error for our review.

**Assignment of Error**

**The Court erred by allowing a jury instruction to the lesser included offense of attempt.**

{¶7} In his assignment of error, Potter argues that the trial court erred by instructing the jury on attempted trespass in a habitation. Specifically, Potter argues that the trial court was not justified in instructing the jury on attempted trespass in a habitation "because an attempt of the underlying offense [of trespass in a habitation], by adding the attempt elements found in R.C. 2923.02, is not a lesser included offense [of trespass in a habitation]." (Appellant's Brief at 5).

{¶8} "'Generally, a trial court must provide the jury with all instructions that are relevant and necessary to weigh the evidence and discharge their duties as the fact finders.'" *State v. Suffel*, 3d Dist. Paulding No. 11-14-05, 2015-Ohio-222, ¶ 38, quoting *State v. Sunderman*, 5th Dist. Stark No. 2006-CA-00321, 2008-Ohio-3465, ¶ 21, citing *State v. Joy*, 74 Ohio St.3d 178, 181 (1995). However, a trial court need not provide a requested jury instruction unless it finds that sufficient evidence was presented at trial to support giving the instruction. *Id.*, quoting *State v. Juntunen*, 10th Dist. Franklin Nos. 09AP-1108 and 09AP-1109, 2010-Ohio-5625, ¶ 13, quoting *State v. Barnd*, 85 Ohio App.3d 254, 259 (3d Dist.1993). "'The trial court possesses the discretion "to determine whether the evidence presented at trial is

sufficient to require that [the] instruction be given.""" *Id.*, quoting *Juntunen* at ¶ 13, quoting *State v. Lessin*, 67 Ohio St.3d 487, 494 (1993). Accordingly, we review a trial court's decision whether to issue a requested jury instruction for an abuse of discretion. *State v. Harrison*, 3d Dist. Logan No. 8-14-16, 2015-Ohio-1419, ¶ 61; *State v. Simin*, 9th Dist. Summit No. 26016, 2012-Ohio-4389, ¶ 40. An abuse of discretion is more than a mere error in judgment; it suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

{¶9} In this case, although Potter was indicted on one count of trespass in a habitation, he was ultimately convicted of one count of attempted trespass in a habitation. The offense of trespass in a habitation is codified in R.C. 2911.12(B), which provides that "[n]o person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." "Force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." R.C. 2901.01(A)(1). A "trespass" is committed when a person, without privilege to do so, knowingly enters or remains on the land or premises of another. R.C. 2911.21(A)(1). *See* R.C. 2911.10 ("As used in [R.C. 2911.12], the element of trespass refers to a violation of [R.C. 2911.21]."). "A person acts knowingly, regardless of purpose, when the person is aware that the

person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). "Land or premises" means "any land, building, structure, or place belonging to, controlled by, or in custody of another, and any separate enclosure or room, or portion thereof." R.C. 2911.21(F)(2). Finally, although the term "habitation" is not defined in the Ohio Revised Code, various courts have defined "habitation" as "[a] dwelling place; a domicile." *State v. K.L.P.W.*, 12th Dist. Warren Nos. CA2016-06-047 and CA2016-06-053, 2017-Ohio-5671, ¶ 11; *State v. Snyder*, 192 Ohio App.3d 55, 2011-Ohio-175, ¶ 13 (9th Dist.), quoting *Black's Law Dictionary* 729 (8th Ed.2004). *See Ohio Jury Instructions*, CR Section 511.12(B) (Rev. Dec. 8, 2012) ("'Habitation' means the place where a person lives.").

{¶10} Furthermore, R.C. 2923.02, Ohio's attempt statute, provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2923.02(A). Elaborating on the statutory language, the Supreme Court of Ohio has further defined "criminal attempt" as "'"an act or omission constituting a substantial step in a course of conduct planned to culminate in [the actor's] commission of the crime."'" (Brackets sic.) *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, ¶ 175, quoting *State v.*

*Group*, 98 Ohio St.3d 248, 2002-Ohio-7247, ¶ 101, quoting *State v. Woods*, 48 Ohio St.2d 127 (1976), paragraph one of the syllabus, *judgment vacated on other grounds*, 438 U.S. 910, 98 S.Ct. 3133 (1978). "To constitute a substantial step, the offender's conduct need not be the last proximate act prior to the commission of the offense * * *." *State v. Elahee*, 1st Dist. Hamilton No. C-160640, 2017-Ohio-7085, ¶ 16. Instead, a "substantial step" requires only "'conduct that is "strongly corroborative of the actor's criminal purpose."'" *Dean* at ¶ 175, quoting *Group* at ¶ 101, quoting *Woods* at paragraph one of the syllabus. "'Precisely what conduct will be held to be a substantial step must be determined by evaluating the facts and circumstances of each particular case.'" *State v. Miller*, 3d Dist. Seneca No. 13-12-52, 2013-Ohio-3194, ¶ 31, quoting *State v. Butler*, 5th Dist. Holmes No. 2012-CA-7, 2012-Ohio-5030, ¶ 28, citing *Group* at ¶ 100.

{¶11} In his assignment of error, Potter argues that the jury should not have been instructed on attempted trespass in a habitation because attempted trespass in a habitation is not a lesser included offense of trespass in a habitation. For the sake of Potter's argument, we will assume that he is correct that attempted trespass in a habitation is not a lesser included offense of trespass in a habitation. *See State v. Capone*, 3d Dist. Crawford No. 3-03-18, 2003-Ohio-5302, ¶ 9 ("[T]he offense of attempt to commit the charged offense is not technically * * * a 'lesser included offense * * *[.]'"). *See also State v. Cadle*, 9th Dist. Summit No. 24064, 2008-

Ohio-3639, ¶ 15 ("[A]ttempt is similar to, yet conceptually distinct from, lesser included offenses and crimes that represent inferior degrees of the indicted offense * * *."), citing *State v. Deem*, 40 Ohio St.3d 205, 208 (1988); *State v. Aponte*, 8th Dist. Cuyahoga No. 89727, 2008-Ohio-1264, ¶ 12-13. Nevertheless, in determining whether the trial court abused its discretion by instructing the jury on the offense of attempted trespass in a habitation, it is immaterial whether attempted trespass in a habitation is a lesser included offense of trespass in a habitation because Ohio law permits a trial court to issue jury instructions on attempt to commit a charged offense as well as on lesser included offenses of a charged offense.

{¶12} "Under R.C. 2945.74 and Crim.R. 31(C), the jury must be instructed on three groups of lesser offenses when supported by the evidence at trial: (1) attempts to commit the crime charged, if such an attempt is an offense at law; (2) inferior degrees of the indicted offense; or (3) lesser included offenses." *State v. Sibert*, 98 Ohio App.3d 412, 430 (4th Dist.1994), citing *Deem* at paragraph one of the syllabus. *See* R.C. 2945.74 ("The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law."); Crim.R. 31(C) ("The defendant may be found not guilty of the offense charged but guilty of an attempt to commit it if such an attempt is an offense at law."). "An instruction to the jury on a lesser offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime

charged and a conviction upon the lesser offense." *Sibert* at 430, citing *State v. Thomas*, 40 Ohio St.3d 213 (1988), paragraph two of the syllabus. Therefore, in deciding whether the trial court abused its discretion by instructing the jury on attempted trespass in a habitation, we must determine whether it was reasonable for the trial court to conclude that the evidence presented at trial could support both a conclusion that Potter did not commit the offense of trespass in a habitation and a conclusion that Potter committed the offense of attempted trespass in a habitation.

{¶13} At trial, both Michelle and Christopher testified that they were living in the outbuilding located at the rear of their property in February 2018. (Jan. 14-15, 2019 Tr., Vol. I, at 179-180, 197-198). Michelle and Christopher each testified that they were in bed in the outbuilding in the early morning hours of February 4, 2018 when they heard scratching, banging, and other noises coming from one of the outbuilding's two doors. (*Id.* at 181-182, 198, 202, 212). Michelle testified that while she called 911, Christopher moved toward the door. (*Id.* at 184). Christopher stated that he saw the door move as he approached it. (*Id.* at 202).

{¶14} Christopher was approximately five feet away from the door when it swung open to the outside. (*Id.* at 184, 215-216). Christopher testified that the door was "bowed in where somebody used a prying tool to open [the] door." (*Id.* at 203); (State's Exs. 6, 7, 8). Although Christopher did not observe anyone using a prying tool to open the door, he concluded that someone used a prying tool because he

found a trenching spade lying "about three feet from th[e] door" and he had not left the trenching spade there. (Jan. 14-15, 2019 Tr., Vol. I, at 203-206). He testified that prior to the morning of February 4, 2018, the door was "perfectly fine" and had not sustained any damage. (*Id.* at 204). He confirmed that the damaged part of the door was "consistent with the area [he] heard banging when [he was] inside the [outbuilding]." (*Id.*).

{¶15} Michelle and Christopher both testified that the person who opened the door to their outbuilding did not have permission to be on their property or to open the door. (*Id.* at 185, 221, 227). Michelle testified that once the door was opened, the person at the door attempted to enter the outbuilding but "did not get all the way in, because as he opened the door, [Christopher] was standing right there." (*Id.* at 187). Further, Michelle testified that she believed that the person might have gotten "two feet in" the outbuilding before fleeing, and she was certain that the person made it at least partially through the door and into the outbuilding. (*Id.* at 187, 191-194). However, according to Christopher, the person who opened the door did not "step in," "push in," or "get an opportunity to enter [the outbuilding]." (*Id.* at 220).

{¶16} Once the door opened, Christopher yelled at the would-be intruder and the person "immediately bolted." (*Id.* at 216-217). Christopher saw "only his backside" as the person fled from the outbuilding. (*Id.* at 219). However,

Christopher was able to observe the person's distinctive clothing, and he later identified Potter as the person who opened the door to the outbuilding based partly on the clothes Potter was wearing when he was apprehended by police. (*Id.* at 219, 224-226).

{¶17} After reviewing the record, we conclude that the trial court did not abuse its discretion by instructing the jury on attempted trespass in a habitation. Christopher's testimony that Potter failed to make any entry into the outbuilding, if believed by the jury, reasonably supports an acquittal on the charged offense of trespass in a habitation because the jury could find that such testimony weighs against a conclusion that Potter "trespassed" in the Winterses' outbuilding. However, other than the discrepancy between Christopher's testimony and Michelle's testimony concerning the extent to which Potter entered the outbuilding, their testimonies are consistent in all significant aspects and reasonably support a conclusion that Potter engaged in acts constituting a substantial step in a course of conduct planned to culminate in the commission of the offense of trespass in a habitation. That is, Christopher's and Michelle's testimonies reasonably support a conviction on the offense of attempted trespass in a habitation because their testimonies, if believed by the jury, establish that Potter's conduct—forcing open the outbuilding's door and fleeing when confronted by Christopher—was strongly corroborative of his criminal purpose to trespass in the Winterses' outbuilding. *See*

*State v. Dailey*, 8th Dist. Cuyahoga No. 89289, 2007-Ohio-6650, ¶ 33 (the defendant's "actions of pounding on [the victim's] door and trying to push in the window screen were substantial steps, strongly corroborative of his criminal purpose to burglarize [the victim's] home"); *State v. Dunlap*, 10th Dist. Franklin No. 03AP-481, 2003-Ohio-6830, ¶ 11-12 (where the defendant told the victim that he was going to come inside "even if he had to break the door down" and kicked the door, though the deadbolt stopped it from opening, the defendant's attempted burglary conviction was not against the manifest weight of the evidence); *State v. Sams*, 9th Dist. Summit No. 20063, 2000 WL 1729475, *3 (Nov. 22, 2000) (where the defendant's accomplice lifted a sliding glass door off its track and opened the door a few inches before being interrupted by the homeowner and fleeing, the defendant's attempted burglary conviction was not against the manifest weight of the evidence). Thus, we conclude that the trial court did not abuse its discretion by instructing the jury on attempted trespass in a habitation.

{¶18} Potter's assignment of error is overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**