[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Owens*, Slip Opinion No. 2020-Ohio-4616.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4616

THE STATE OF OHIO, APPELLEE, *v*. OWENS, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Owens*, Slip Opinion No. 2020-Ohio-4616.]**

*Criminal law—Lesser included offenses—Because felony murder, R.C. 2903.02(B), has no mens rea requirement in regard to the death of a victim and reckless homicide, R.C. 2903.041, has a mens rea of recklessness, reckless homicide is not a lesser included offense of felony murder.*

(No. 2019-0980—Submitted June 17, 2020—Decided September 30, 2020.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 107494, 2019-Ohio-2221.

_____

**DEWINE, J.**

{¶ 1} A jury convicted Ursula Owens of felony murder after she beat a five-year-old girl causing the child to die of a brain injury.  We must decide whether Owens was entitled to a jury instruction for reckless homicide as a lesser included offense to the felony-murder charge.  Because felony murder has no mens rea

requirement in regard to the death of a victim, whereas reckless homicide has the mens rea of recklessness, reckless homicide is not a lesser included offense of felony murder. As a consequence, the trial court did not err in refusing to provide the requested instruction. The court of appeals reached the same conclusion, so we affirm its judgment.

*Ursula Owens is convicted of felony murder*

{¶ 2} On the evening of March 17, 2017, a five-year-old girl was admitted to a hospital. She died a day later from a traumatic brain injury.

{¶ 3} At the time of her death, the victim lived with her mother, Tequila Crump, and Owens, her mother's fiancée. Owens's son testified at trial about the events leading to the child's tragic death. On the morning in question, he awoke to the sound of Owens and Crump screaming at the child. He recounted that Crump "popped" the child several times in the arm. Apparently thinking this was insufficiently harsh discipline, Owens proceeded to punch the child's stomach, arms, and head, and stepped on the child's back. During the beating, Owens picked the child up and threw her twice—first against the wall and then against a dresser. The child lost consciousness. Crump and Owens placed the child on a bed and tried to wake her but were unsuccessful. It was not until later in the evening that Crump, upon noticing that the child's heartbeat had slowed, called 9-1-1 and the child was taken to a hospital. She died the following morning.

{¶ 4} Owens was charged with aggravated murder, felony murder, and child endangering. Owens's trial attorney asked the court to instruct the jury on reckless homicide as a lesser included offense of the murder charges. The court gave the instruction but only with regard to aggravated murder, not felony murder. Owens's counsel did not object to the failure to give the instruction.

{¶ 5} The jury found Owens guilty of felony murder based on the felonious assault of the child, which caused the child's death. As to the aggravated-murder

2

charge, the jury returned a verdict of not guilty, instead finding her guilty of the lesser included offense of reckless homicide.

{¶ 6} Owens appealed to the Eighth District Court of Appeals. She argued there, as here, that the trial court erred by not giving a reckless-homicide instruction as a lesser included offense of felony murder. The court of appeals rejected this argument. Referencing this court's decision in *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, ¶ 9, the court reasoned that felony murder was a kind of strict-liability offense, because it does not include a culpable mental state with regard to causing another's death. Reckless homicide, in contrast, requires that one recklessly cause the death of another. Because an offense can be a lesser included offense of another only if it is not possible to commit the greater offense without also committing the lesser offense, the court concluded that reckless homicide was not a lesser included offense of felony murder.

*Because Owens did not object to the jury instructions, we review for plain error*

{¶ 7} At the outset, we note that Owens's attorney did not object to the jury instructions provided by the trial court. Under Crim.R. 30(A), "[o]n appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." When a defendant fails to object to the jury instructions, she waives all but plain error. *See State v. Diar*, 120 Ohio St.3d 460, 2008-Ohio-6266, 900 N.E.2d 565, ¶ 127. As we explain, we find no error, plain or otherwise, in the trial court's instructions on felony murder.

*Reckless homicide is not a lesser included offense of felony murder with a felonious-assault predicate*

{¶ 8} A criminal defendant is sometimes entitled to a jury instruction that allows the jury to consider convicting the defendant of a lesser included offense as an alternative to convicting for the offense for which the defendant was charged. *State v. Thomas*, 40 Ohio St.3d 213, 216-218, 533 N.E.2d 286 (1988). An offense

qualifies as a lesser included offense when "the greater offense as statutorily defined cannot be committed without the lesser offense as statutorily defined also being committed." *State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 26. In making this assessment, a court compares the elements of each crime. *Id.* at ¶ 14. An offense that includes an element that another offense lacks cannot be a lesser included offense of that other offense.

{¶ 9} Looking to the felony-murder and reckless-homicide statutes, it is apparent that reckless homicide is not a lesser included offense of felony murder. Ohio's felony-murder statute, R.C. 2903.02(B), provides: "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree and that is not [voluntary or involuntary manslaughter]." Offenses of violence are defined, in part, by referring to a specified list of Revised Code provisions. R.C. 2901.01(A)(9)(a). Felonious assault, R.C. 2903.11, is on that list and hence can serve as a predicate offense for a felony-murder charge. A person commits felonious assault when one "knowingly" causes "serious physical harm to another or to another's unborn." R.C. 2903.11(A)(1). So, taken together, a person commits felony murder with a felonious-assault predicate when she knowingly causes serious physical harm to another and that conduct is the proximate cause of another's death.

{¶ 10} Thus, to prove felony murder, no mens rea element with regard to the death of the victim need be shown. *State v. Fry*, 125 Ohio St.3d 163, 2010-Ohio-1017, 926 N.E.2d 1239, ¶ 43 ("R.C. 2903.02(B), the felony-murder statute, does not contain a mens rea component"). While the defendant must satisfy all the elements of the qualifying predicate offense—including any mens rea element specific to that criminal act—the felony-murder statute imposes no additional mens rea element with regard to the victim's death. For this reason, we have characterized "[t]he felony-murder statute [as imposing] what is in essence strict

liability." *State v. Nolan*, 141 Ohio St.3d 454, 2014-Ohio-4800, 25 N.E.3d 1016, ¶ 9.

{¶ 11} In contrast, R.C. 2903.041, the reckless-homicide statute, contains a mens rea element with regard to the death of the victim. The statute defines reckless homicide as "recklessly caus[ing] the death of another or the unlawful termination of another's pregnancy."

{¶ 12} It is evident then that reckless homicide has an element that felony murder lacks—recklessness with regard to the death of the victim. As a result, reckless homicide is not a lesser included offense of felony murder.

{¶ 13} This all seems clear enough. But despite the statutory definitions of the two crimes, Owens insists that the mens rea for the predicate felony-assault offense gets imported into the felony-murder provision, so that in this case, the felony-murder statute has a mens rea of "knowingly" causing the victim's death. Thus, she claims, reckless homicide is a lesser included offense of felony murder with a felony-assault predicate because "reckless" is a lesser culpable mental state than "knowing."

{¶ 14} But that's not right. The elements of each crime are defined by statute. To commit felonious assault, a person must knowingly cause *serious physical harm.* Whereas to commit reckless homicide, a person must recklessly cause *the death of another.* For the felony-murder offense, the mens rea element (knowingly) applies only to the predicate felonious-assault charge. There is no separate mens rea requirement with regard to the victim's death.

{¶ 15} Obviously one can knowingly cause serious physical harm without knowingly—or even recklessly—causing another's death. To see why, consider that substantial physical harm is defined to include, among other things, permanent or temporary substantial disfigurement or acute pain resulting in substantial suffering, R.C. 2901.01(A)(5). And one can imagine many acts that may cause

5

extreme pain or disfigurement but are highly unlikely to cause death, and hence would fail to even be reckless with regard to the possibility of death.

{¶ 16} Because reckless homicide includes an element that felony murder lacks—being reckless with regard to the possibility of causing a death—it is possible for a person to commit felony murder without necessarily committing reckless homicide. For that reason, reckless homicide is not a lesser included offense of felony murder with a felonious-assault predicate.

*Conclusion*

{¶ 17} Reckless homicide is not a lesser included offense of felony murder with a felonious-assault predicate. As a consequence, the trial court did not err in refusing to provide an instruction on reckless homicide. We affirm the judgment of the court of appeals.

Judgment affirmed.

KENNEDY, FRENCH, FISCHER, and STEWART, JJ., concur.

O'CONNOR, C.J., concurs in judgment only.

DONNELLY, J., concurs in judgment only, with an opinion.

_____

**DONNELLY, J., concurring in judgment only.**

{¶ 18} Based on the facts of this case, an instruction to the jury that reckless homicide is a lesser included offense of felony murder was not warranted.

{¶ 19} I am reluctant, however, to state unequivocally, as the majority opinion does, that "reckless homicide is not a lesser included offense of felony murder." Majority opinion at ¶ 16. It is unnecessary to make such a sweeping declaration in this case, and it also seems unwise to do so without discussing *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 422, a case in which this court stated that reckless homicide is a lesser included offense of aggravated felony murder, *id.* at ¶ 187-191.

{¶ 20} I am not convinced that reckless homicide can never be a lesser included offense of felony murder. The better course is to simply decide the case before us, without handicapping all future defendants seeking a reckless-homicide instruction in a felony-murder case. Accordingly, I concur in judgment only.

————————————

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Jennifer M. Meyer, and Anna Faraglia, Assistant Prosecuting Attorneys, for appellee.

Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney, for appellant.

————————————