[Cite as *State v. Stoychoff*, 2021-Ohio-4248.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 5-21-18

     v.

BRENT A. STOYCHOFF,                   O P I N I O N

     DEFENDANT-APPELLANT.

STATE OF OHIO,

     PLAINTIFF-APPELLEE,               CASE NO. 5-21-19

     v.

BRENT A. STOYCHOFF,                   O P I N I O N

     DEFENDANT-APPELLANT.

**Appeals from Hancock County Common Pleas Court**
**Trial Court Nos. 2019 CR 437 and 2019CR 502**

**Judgments Affirmed**

**Date of Decision:   December 6, 2021**

APPEARANCES:

    *Gene P. Murray* **for Appellant**

    *Phillip A. Riegle* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Brent A. Stoychoff ("Stoychoff"), appeals the April 9, 2021 judgments of the Hancock County Court of Common Pleas in two cases. In the first case, Stoychoff entered a guilty plea to receiving stolen property, a felony of the fourth degree. The trial court sentenced Stoychoff to serve sixteen months in prison. In the second case, Stoychoff was convicted following a jury trial of grand theft of a motor vehicle and failure to comply with an order or signal of a police officer, both felonies of the fourth degree. The trial court sentenced Stoychoff to serve seventeen months in prison on each fourth degree felony, to be served consecutively with each other and with the sentence imposed in the first case.[1]

*Relevant Facts and Procedural History*

{¶2} On October 22, 2019, Stoychoff was indicted in case number 2019 CR 437 on one count of receiving stolen property (2019 Mercedes SUV) in violation of R.C. 2913.51(A), a felony of the fourth degree. Stoychoff originally pled not guilty and not guilty by reason of insanity to the charge.

{¶3} On December 3, 2019, in case number 2019 CR 502, Stoychoff was charged in a two-count indictment with the offenses of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, and failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B), a felony of the fourth degree. Stoychoff originally

---

[1] The two trial court cases were consolidated for purposes of appeal.

pled not guilty and not guilty by reason of insanity to these charges as well, but the latter plea was subsequently withdrawn.

{¶4} On January 4, 2021, Stoychoff filed a motion requesting a jury instruction on two lesser included offenses of robbery: auto theft and unauthorized use of a vehicle. The case proceeded to a jury trial on January 11-12, 2021. At trial, the prosecution's witnesses established that on November 28, 2019, at approximately 11:00 p.m., Nicholas Young left the keys in the ignition to his parked vehicle while he went inside the BellStores, Marathon Gas Station. The store's cashier testified as Stoychoff left and Young was then in the store, he noticed Stoychoff sitting in the driver's seat of Young's parked vehicle. The cashier told Young, who then went outside. There was a physical altercation between the two men. The cashier called 9-1-1. A cell phone video captured Young, the vehicle's owner, trying to get Stoychoff out of his vehicle and grabbing onto the driver's side door of the vehicle as it took off. Law enforcement officers responded and pursued Stoychoff in a high-speed chase on I-75. The vehicle came to a stop after the engine exploded and two responding officers testified to hearing Stoychoff's statement about stealing "a piece of shit" car. (Jan. 11-12, 2021 Tr., Vol. III at 420, 476).

{¶5} At the conclusion of the trial, the trial court granted an instruction on grand theft of a motor vehicle as a lesser included offense of robbery, but denied the requested jury instruction on unauthorized use of a motor vehicle. Following deliberations, the jury found Stoychoff guilty of the lesser included offense of grand theft of a motor vehicle and

failure to comply. The matter of sentencing was continued pending the completion of a pre-sentence investigation report.

**{¶6}** On April 6, 2021, Stoychoff pled guilty in case number 2019 CR 437, with a joint sentence recommendation that the sentence run concurrently with the sentence imposed in the other case for grand theft of a motor vehicle. Sentencing then proceeded on both cases. As to the receiving stolen property conviction in case number 2019 CR 437, the trial court sentenced Stoychoff to sixteen months in prison. The trial court sentenced Stoychoff to seventeen months in prison on each of his convictions for grand theft of a motor vehicle and failure to comply in case 2019 CR 502. Those sentences were ordered to be served consecutively by operation of law, with 513 days credit for time served. The sixteen-month sentence for receiving stolen property was also ordered to be served consecutively, for an aggregate prison term of 50 months.

**{¶7}** Stoychoff now appeals, raising the following assignment of error for review:

**ASSIGNMENT OF ERROR**

**AS TO TRIAL COURT CASE NO. 2019-CR-502, THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE DEFENDANT-APPELLANT'S MOTION FOR A JURY TRIAL INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF AN UNAUTHORIZED USE OF A VEHICLE, FOR COUNT ONE (ROBBERY) OF THE INDICTMENT, IN VIOLATION OF THE DEFENDANT-APPELLANT'S FUNDAMENTAL AND SUBSTANTIAL RIGHT TO A FAIR JURY TRIAL, AS GUARANTEED BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION, APPLICABLE TO THE STATES THROUGH THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, AND ALSO AS GUARANTEED BY**

**ARTICLE I, SECTION 10 OF THE CONSTITUTION OF THE STATE OF OHIO; AND IN ADDITION, IN VIOLATION OF OHIO REVISED CODE § 2945.74, TO WIT, THE JURY MAY FIND THE DEFENDANT NOT GUILTY OF THE DEGREE CHARGED, BUT GUILTY OF AN INFERIOR DEGREE THEREOF OR LESSER INCLUDED OFFENSE.**

{¶8} In his sole assignment of error, Stoychoff argues the trial court abused its discretion by not allowing the jury to consider the lesser included misdemeanor offense of unauthorized use of a motor vehicle.

*Standard of Review*

{¶9} " ' The trial court's decision whether to instruct the jury on a lesser included offense will not be reversed absent an abuse of its discretion.' " *State v. Potts*, 3d. Dist. Hancock No. 5-16-03, 2016-Ohio-5555, ¶ 65, quoting *State v. Wine*, 3d Dist. Auglaize No. 2-12-01, 2012-Ohio-2837, ¶ 16 (Citations omitted).  An instruction to the jury on a lesser included offense is required " 'only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense.' " *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, ¶ 269, quoting *State v. Thomas*, 40 Ohio St.3d 213, 216 (1988); *see also* R.C. 2945.74.  Thus, a trial court need not provide a requested jury instruction unless it finds that sufficient evidence was presented at trial to support giving the instruction.  *State v. Potter*, 3d Dist. Hancock No. 5-19-14, 2020-Ohio-431, ¶ 8 (Citations omitted).  The trial court possesses the discretion "to determine whether the evidence presented at trial is sufficient to require that [the] instruction be given."  *State v. Lessin*, 67 Ohio St.3d 487, 494 (1993); *Potter* at ¶ 8.

*Analysis*

**{¶10}** In this case, the trial court instructed the jury on robbery and on grand theft of a motor vehicle (R.C. 2913.02(A)(1)) specified as the prerequisite theft offense. R.C. 2913.02(A)(1) states: "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: * * * Without the consent of the owner or person authorized to give consent[.]" "Deprive" means to:

**(1)  Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;**

**(2)  Dispose of property so as to make it unlikely that the owner will recover it;**

**(3)  Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration.**

R.C. 2913.01(C).

**{¶11}** Stoychoff requested a jury instruction on the lesser included offense of unauthorized use of a motor vehicle pursuant to R.C. 2913.03(A), which provides: "No person shall knowingly use or operate [a] * * * motor vehicle * * * without the consent of the owner or person authorized to give consent." Unauthorized use of a vehicle requires proof of unauthorized "use or operation" of a vehicle. In contrast, grand theft of a motor vehicle requires proof of purpose to "deprive" the owner of property.

{¶12} Upon review, the evidence at trial shows that Stoychoff's conduct in engaging in a physical altercation with the owner to stay in the vehicle and then fleeing from law enforcement officers at speeds reaching 100 miles an hour until the vehicle's engine exploded was strongly corroborative of his criminal purpose to permanently deprive the owner of this vehicle. Based on the evidence presented, we therefore agree with the trial court's conclusion that the evidence in this case does not present a basis for any reasonable inference allowing a jury to find Stoychoff not guilty of grand theft of a motor vehicle, or robbery, but find him guilty of merely the unauthorized use of the motor vehicle. Thus, we cannot find that the trial court erred by not instructing the jury on the lesser included offense of unauthorized use of a motor vehicle.

{¶13} Having concluded there is no error regarding the requested instruction in case number 2019 CR 502, we now consider whether the trial court committed any error in case number 2019 CR 437. Although not raised as a separate assignment of error, Stoychoff essentially contends that the fact of conviction for two felonies, rather than one felony and one misdemeanor, had a prejudicial effect on the trial court's imposition of a consecutive sentence regarding the felony of receiving stolen property in case 2019 CR 437. Based on our previous ruling finding no error in the two convictions entered in case number 2019 CR 502, we find no merit in Stoychoff's contentions regarding case 2019 CR 437.

{¶14} Based on the foregoing, Stoychoff's assignment of error is overruled.

{¶15} Having found no error prejudicial in the particulars assigned and argued, we affirm the judgments of the trial court.

*Judgments Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**