[Cite as *State v. Henry*, 2023-Ohio-4020.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

ALLEN R. HENRY, JR.

    DEFENDANT-APPELLANT.

CASE NO. 3-23-06

O P I N I O N

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

ALLEN R. HENRY, JR.

    DEFENDANT-APPELLANT.

CASE NO. 3-23-07

O P I N I O N

Appeals from Crawford County Common Pleas Court
Trial Court Nos. 22-CR-0351 and 22-CR-0362

**Judgments Affirmed**

**Date of Decision:  November 6, 2023**

APPEARANCES:

    *William T. Cramer* for Appellant

    *Daniel J. Stanley* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Allen R. Henry ("Henry") appeals the judgments of the Crawford County Court of Common Pleas, alleging that the trial court erred by failing to give a jury instruction for disorderly conduct as a lesser included offense of telecommunications harassment. For the reasons set forth below, the judgments of the trial court are affirmed.

*Facts and Procedural History*

{¶2} Crystal Boudinot ("Boudinot") was the property manager of a facility where Henry's father lived. After Henry's father passed away, Henry called Boudinot sixteen times in four days to tell her not to touch his father's belongings. She testified that Henry's tone became aggressive over these calls and that he said, "I will kill you if you touch my dad's stuff." (Tr. 23). On October 4, 2022, Boudinot reported these calls to the police.

{¶3} On October 4, 2022, Henry called the Crestline Police Department and spoke with the dispatcher, Alice McElvain ("McElvain").[1] He claimed to be having issues regarding his father's belongings. Henry then said, "I'll take all you out," describing this statement as a "promise" rather than a "threat." (Tr. 18). McElvain then reported these comments to a detective. As the result of the calls to Boudinot and McElvain, Henry was charged with one count of telecommunications

---

[1] The trial transcript states that this call occurred on October 24, 2022. However, Henry notes in his brief that the recordings played at trial indicate that these calls were placed on October 4, 2022.

harassment in violation of R.C. 2917.21(A)(6), fifth-degree felony, and one count of aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor, in Case No. 22-CR-0351.

{¶4} At roughly 1:35 A.M. on October 8, 2022, Henry called 9-1-1 to report that he was having issues with the natural gas service to his house. The dispatcher informed him that he needed to contact the gas company. Henry then called 9-1-1 six more times over the next hour. In these calls, he told the dispatcher to "kiss my motherf**king d**k." (Ex. H). He also said, "That's the reason why people get killed, 'cause they're a**holes like you." *Id.* As the result of these calls, Henry was charged with one count of telecommunications harassment in violation of R.C. 2917.21(A)(6), a fifth-degree felony, in Case No. 22-CR-0362. The two cases involving Henry were joined together for trial.

{¶5} At his jury trial on January 9-10, 2023, defense counsel asked for a jury instruction on disorderly conduct, arguing that this was a lesser included offense of telecommunications harassment. However, the trial court denied this request. The jurors returned verdicts of guilty on the count of aggravated menacing and on the count of telecommunications harassment from Case No. 22-CR-0362. The jurors returned a verdict of not guilty on the count of telecommunications harassment from Case No. 22-CR-0351. The trial court issued its judgment entry of sentencing on March 1, 2023.

*Assignment of Error*

**{¶6}** Henry filed his notices of appeal on March 23, 2023. On appeal, he raises the following assignment of error:

> **Appellant's due process rights were violated when the trial court refused to instruct the jury on disorderly conduct as a lesser included offense to telecommunications harassment.**

*Legal Standard*

**{¶7}** Where an "indictment * * * charges an offense" and "other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of * * * [a] lesser included offense." R.C. 2945.74. *See* Crim.R. 31(C).

> A lesser-included offense is one in which '(i) the offense carries a lesser penalty than the other; (ii) the greater offense cannot, as statutorily defined, * * * be committed without the lesser offense, as statutorily defined, also being committed; and (iii) some element of the greater offense is not required to prove the commission of the lesser offense.'

*State v. Hughkeith,* 2023-Ohio-1217, 212 N.E.3d 1147, ¶ 92 (8th Dist.), quoting *State v. Deem*, 40 Ohio St.3d 205, 209, 533 N.E.2d 294 (1988). *See also State v. Evans*, 122 Ohio St.3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 6.

> A criminal defendant is sometimes entitled to a jury instruction that allows the jury to consider convicting the defendant of a lesser included offense as an alternative to convicting for the offense for which the defendant was charged.

*State v. Owens*, 162 Ohio St.3d 596, 2020-Ohio-4616, 166 N.E.3d 1142, ¶ 8.

**{¶8}** "To determine whether a criminal defendant was entitled to a jury instruction (charge) on a lesser included offense requires a two-step analysis." *State v. Turks*, 3d Dist. Allen Nos. 1-10-02, 1-10-26, 2010-Ohio-5944, ¶ 18. "First, the reviewing court must determine whether the one offense is, in fact, a lesser included offense of the other offense." *Id.* This step presents a legal question that is generally resolved by an examination of the statutory elements. *State v. Potts*, 2016-Ohio-555, 69 N.E.3d 1227, ¶ 63 (3d Dist.). However, "[t]he mere fact that an offense is a lesser-included offense of a charged offense does not mean that the trial court must instruct on both offenses." *State v. Cooper*, 3d Dist. Marion No. 9-22-69, 2023-Ohio-2100, ¶ 46.

**{¶9}** "Second, the reviewing court must determine whether the trial court was obligated to give a jury instruction on the lesser included offense under the specific facts of the case." *Turk* at ¶ 18. "The lesser-included-offense instruction is not warranted every time 'some evidence' is presented to support the lesser offense." *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, ¶ 192. "An instruction on a lesser-included offense is only required where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser-included offense." *Cooper* at ¶ 46. "Thus, a trial court need not provide a requested jury instruction unless it finds that sufficient evidence was presented at trial to support giving the instruction." *State v. Stoychoff*, 3d Dist. Hancock No. 5-21-18, 5-21-19, 2021-Ohio-4248, ¶ 9.

{¶10} In this process, the "trial court must view the evidence in the light most favorable to the defendant * * *." *State v. Robertson*, 2023-Ohio-2200, --- N.E.3d ---, ¶ 47 (3d Dist.). However, the determination as to whether the evidence supports giving an instruction on a lesser included offense lies within the discretion of the trial court. *Stoychoff* at ¶ 9. Thus, a trial court's decision on such a matter will not be reversed in the absence of an abuse of that discretion. *Id.* More than an error of judgment, an abuse of discretion is present where the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Edwards*, 3d Dist. Union No. 14-23-11, 2023-Ohio-3213, ¶ 6.

{¶11} To establish the offense of telecommunications harassment in violation of R.C. 2917.21(A)(6), the State must prove that the defendant "knowingly ma[d]e * * * a telecommunication to another" and

> [k]nowingly ma[de] any comment, request, suggestion, or proposal to the recipient of the telecommunication that [was] * * * threatening, intimidating, menacing, coercive, or obscene with the intent to abuse, threaten, or harass the recipient[.]

Further, R.C. 2917.21(C)(2) provides that the first offense against this provision is a first-degree misdemeanor while subsequent offenses are fifth-degree felonies. To establish the offense of disorderly conduct in violation of R.C. 2917.11(A)(1), the State must prove that the defendant "recklessly cause[d] inconvenience, annoyance, or alarm to another by * * * engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior[.]"

*Legal Analysis*

**{¶12}** Regardless of whether disorderly conduct is a lesser included offense of telecommunications harassment, the requested instruction must still be supported by the evidence presented at trial. After the Defense moved for this instruction, the trial court noted that telecommunications harassment requires the offender to make a telecommunication while the offense of disorderly conduct does not. The trial court noted that no dispute existed as to whether the charged conduct in these cases arose from telecommunications.

**{¶13}** On appeal, Henry directs our attention to the fact that the offender must intend "to abuse, threaten, or harass the recipient" to commit the offense of telecommunications harassment. R.C. 2917.21(A)(6). He asserts that a jury could have concluded that he did make these calls without the intent to abuse, threaten, or harass anyone and that his statements were merely reckless. However, in this case, Henry was charged with telecommunications harassment as a fifth-degree felony because he had a prior conviction for this exact same offense. The evidence in the record indicates that he received this prior conviction on July 26, 2022. Less than three months later, Henry engaged in the same type of conduct by placing the calls that gave rise to the instant charges. Thus, he was fully aware of the results this conduct would effect when he made these calls. They were not merely reckless.

**{¶14}** Further, we note that Henry repeatedly made phone calls in which he raised his voice, made threats, and uttered obscenities at the recipient. He also has

not provided an alternative, legitimate reason for making these calls that would suggest his intention was other than "to abuse, threaten, or harass the recipient." R.C. 2917.21(A)(6). Recordings of the calls that were made to Crestline Police Department and to 9-1-1 were played at trial. Given the evidence presented by the State, the trial court did not err in denying Henry's requested jury instruction. *See State v. Hamrick*, 77 N.E.3d 467, 2017-Ohio-323, ¶ 15 (4th Dist.).

{¶15} In conclusion, we make no determination as to whether disorderly conduct is a lesser included offense of telecommunications harassment because, even if it were, we do not conclude that the trial court erred in finding that the evidence at trial did not support an instruction for disorderly conduct. Having examined the evidence in a light most favorable to the defendant, we find no indication that the trial court abused its discretion in denying the requested jury instruction. Accordingly, Henry's sole assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgments of the Crawford County Court of Common Pleas are affirmed.

*Judgments Affirmed*

**WALDICK and ZIMMERMAN, J.J., concur.**

**/hls**