[Cite as *State v. Andrews*, 2024-Ohio-1730.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2023-07-012 |
| | : | O P I N I O N |
| - vs - | | 5/6/2024 |
| | : | |
| AMANDA ANN ANDREWS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20220225

Jess Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Amanda Ann Andrews, appeals her conviction in the Fayette County Court of Common Pleas after a jury found her guilty of two counts of violating a protection order, one a third-degree felony and the other a first-degree misdemeanor, that

had been taken out against her by the victim, her ex-wife, Bridget.[1]  For the reasons outlined below, we affirm Andrews' conviction.

## Facts and Procedural History

{¶ 2}  On July 8, 2021, the victim, Bridget, received a five-year protection order against her ex-wife, Andrews, that had an expiration date of July 8, 2026.  The protection order prohibited Andrews from doing, among other things, any of the following:

> **RESPONDENT SHALL NOT INITIATE OR HAVE ANY CONTACT** with the protected persons named in this Order or their residences, businesses, places of employment, schools, day care centers, or child care providers.  Contact includes, but is not limited to, landline, cordless, cellular or digital telephone; text; instant messaging; fax; e-mail; voicemail; delivery service; social media; blogging; writings; electronic communications; posting a message; or communications by any other means directly or through another person.

{¶ 3}  On August 19, 2022, the Fayette County Grand Jury returned a three-count indictment against Andrews.  Counts I and III of the indictment both charged Andrews with violating a protection order in violation of R.C. 2919.27(A)(1), one a third-degree felony pursuant to R.C. 2919.27(B)(4) and the other a first-degree misdemeanor under R.C. 2919.27(B)(2).  Count II of the indictment charged Andrews with telecommunications harassment in violation of R.C. 2917.21(A)(1), a fifth-degree felony in accordance with R.C. 2917.21(C)(2).  The charges arose after it was alleged Andrews had violated the express terms of the above referenced protection order on or about June 25, 2022 by contacting both the victim, Bridget, and the victim's father, Rick, via either telephone or text message.  Andrews was arraigned on January 3, 2023 and entered a plea of not guilty to all three charges.

---

1. As noted below, the jury also found Andrews guilty of one count of fifth-degree felony telecommunications harassment.  However, finding the two offenses were allied offenses of similar import, the trial court merged that offense into the third-degree felony violating a protection order charge set forth in Count I of the indictment.

{¶ 4} On April 19, 2023, the matter proceeded to a one-day jury trial. During trial, Andrews stipulated to having received a prior telecommunications harassment conviction in Ottawa County, Ohio on June 30, 2022 stemming from an incident involving an ex-girlfriend that took place approximately one year earlier. Following Andrews' stipulation, the jury heard testimony from a total of five witnesses. This included testimony from the victim, Bridget, and the victim's father, Rick. This also included testimony from the defendant, Andrews. As part of their testimony, and as alleged in the indictment, both Bridget and her father Rick testified and provided documentary evidence establishing that Andrews had contacted them either by telephone or text message on or about June 25, 2022 in violation of the terms of the protection order.

{¶ 5} In her defense, Andrews took the stand and denied any wrongdoing. Andrews denied she attempted to contact Bridget via telephone or text message on or about June 25, 2022. However, following deliberations, the jury returned a verdict finding Andrews guilty of all three charges set forth within the indictment. Several months later, on July 14, 2023, the trial court held a sentencing hearing. During that hearing, and following merger by the trial court and election by the state, the trial court sentenced Andrews to serve 18 months in prison for the third-degree felony violating a protection order charge and to a concurrent 90-day jail term on the first-degree misdemeanor violating a protection order charge, less five days of jail-time credit.[2] The trial court also notified Andrews that she may be subject to up to two years of postrelease control following her release from prison.

### Andrews' Appeal and Single Assignment of Error

{¶ 6} Andrews now appeals her conviction, raising a single assignment of error

---

2. We note that, within its sentencing entry, the trial court ordered Andrews' 90-day jail sentence imposed for Count III to be "subsumed" into Andrews' 18-month prison term imposed for Count I.

for review. In her single assignment of error, Andrews argues her conviction for two counts of violating a protection order in violation of R.C. 2919.27(A)(1), one a third-degree felony pursuant to R.C. 2919.27(B)(4) and the other a first-degree misdemeanor under R.C. 2919.27(B)(2), was against the manifest weight of the evidence. We disagree.

*Manifest Weight of the Evidence Standard of Review*

{¶ 7} "'[A] manifest-weight-of-the-evidence standard of review applies to the state's burden of persuasion.'" *State v. Casey*, 12th Dist. Butler No. CA2023-07-075, 2024-Ohio-689, ¶ 10, quoting *State v. Messenger*, 171 Ohio St.3d 227, 2022-Ohio-4562, ¶ 26. "To determine whether a conviction is against the manifest weight of the evidence, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Lewis*, 12th Dist. Butler No. CA2019-07-128, 2020-Ohio-3762, ¶ 18, citing *State v. Wilks*, 154 Ohio St.3d 359, 2018-Ohio-1562, ¶ 168.

{¶ 8} But, even then, a determination regarding the witnesses' credibility is primarily for the trier of fact to decide. *State v. Baker*, 12th Dist. Butler No. CA2019-08-146, 2020-Ohio-2882, ¶ 30, citing *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. Therefore, given that it is primarily the trier of fact who decides witness credibility, this court will overturn a conviction on manifest-weight grounds "only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal." *State v. Kaufhold*, 12th Dist. Butler No. CA2019-09-148, 2020-Ohio-3835, ¶ 10. When reviewing a jury's verdicts, this occurs "only when there is unanimous disagreement with the verdict." *State v. Marcum*, 12th Dist. Preble No. CA2015-04-011, 2016-Ohio-263, ¶ 10, citing *State v. Gibbs*, 134 Ohio App.3d 247, 255 (12th Dist.1999).

- 4 -

*Andrews' Conviction for Two Counts of Violating a Protection Order*

**{¶ 9}** As noted above, following merger by the trial court and election by the state, Andrews was convicted of two counts of violating a protection order, both in violation of R.C. 2919.27(A)(1), one a third-degree felony pursuant to R.C. 2919.27(B)(4) and the other a first-degree misdemeanor under R.C. 2919.27(B)(2). "It is not an element of R.C. 2919.27(A)(1) that individuals protected by a protection order feel fear when a defendant violates the order." *State v. Estep*, 12th Dist. Fayette No. CA2021-07-016, 2022-Ohio-245, ¶ 24; *State v. Thacker*, 12th Dist. Warren No. CA2019-06-058, 2020-Ohio-1318, ¶ 65. Rather, given the plain language set forth within R.C. 2919.27(A)(1), to secure Andrews' conviction for two counts of violating a protection order in this case, the state was merely required to prove Andrews had, on two separate occasions, recklessly violated the terms of "[a] protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code." *See State v. Lay*, 12th Dist. Clermont No. CA2020-08-050, 2021-Ohio-892, ¶ 11 ("[t]o convict appellant for a violation of R.C. 2919.27[A][1], the state had to prove that appellant recklessly violated the terms of the protection order issued pursuant to R.C. 3113.31").

*Andrews' First Argument*

**{¶ 10}** Andrews initially argues her conviction for one count of third-degree felony violating a protection order was against the manifest weight of the evidence because the record is devoid of any evidence that she violated a protection order "while committing a felony offense" as required to secure her conviction of that offense in accordance with R.C. 2919.27(B)(4). Therefore, according to Andrews, because there is nothing in the record to indicate she violated a protection order while committing a felony offense, the jury clearly lost its way by finding her guilty of violating a protection order as a third-degree felony. However, as the record indicates, Andrews stipulated to having a prior conviction

for telecommunications harassment, which enhanced her telecommunications harassment charge in this case to a fifth-degree felony under R.C. 2917.21(C)(2).

{¶ 11} "R.C. 2917.21(C)(2) provides that the first offense against this provision is a first-degree misdemeanor while subsequent offenses are fifth-degree felonies." *State v. Henry*, 3d Dist. Crawford Nos. 3-23-06 and 3-23-07, 2023-Ohio-4020, ¶ 11. Accordingly, because the record contains ample evidence to prove Andrews violated a protection order while committing a felony telecommunications harassment offense, Andrews' arguments challenging her conviction for one count of third-degree felony violating a protection order lacks merit. This includes Andrews' assertion that her conviction was somehow the result of an "invited error" on the part of the state that caused not just the jury, but also the trial court, to lose its way. Neither the record, nor anything within the applicable law, supports such a contention. Andrews' first argument lacks merit.

*Andrews' Second Argument*

{¶ 12} Andrews also argues her conviction for both the third-degree felony and first-degree misdemeanor violating a protection order charges was against the manifest weight of the evidence when considering she took the stand and denied ever contacting, or attempting to contact, either the victim, Bridget, or the victim's father, Rick, as alleged in the indictment. This is in addition to Andrews arguing that her conviction must be reversed because the state's evidence consisted of nothing more than "the self-serving testimony of the alleged victim" who had "much to gain" by falsely accusing her of violating a protection order; that being, "the continued custody of the couple's two children."

{¶ 13} However, while it may be true that Andrews took the stand and denied any wrongdoing, this court is required to give substantial deference to the trier of fact, in this case the jury, "in issues involving the credibility of witnesses." *State v. Buckland*, 12th

- 6 -

Dist. Warren No. CA2022-09-062, 2023-Ohio-2095, ¶ 20. It is in fact "well-established that it is the trier of fact—and not this court on appeal—that makes determinations of credibility and the weight to be given to the evidence presented at trial." *State v. Sparks*, 12th Dist. Butler No. CA2018-11-226, 2019-Ohio-3145, ¶ 10. This is because "whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the fact finder, who has seen and heard the witness." *State v. Thompson*, 12th Dist. Butler No. CA96-10-209, 1997 Ohio App. LEXIS 4659, *17 (Oct. 20, 1997). This does not change in cases where, like here, the defendant was tried and subsequently convicted of violating a protection order in violation of R.C. 2919.27(A)(1). *See, e.g., State v. Terry*, 12th Dist. Warren No. CA2021-04-029, 2021-Ohio-4043, ¶ 15 (deferring to the trier of fact's finding the victim's testimony more credible than that of the defendant in a case where the defendant was charged with violating a protection order in violation of R.C. 2919.27[A][1] by telephoning the victim).

{¶ 14} Moreover, "[t]he fact that the jury chose to believe the state's witnesses," which in this case included testimony from both the victim, Bridget, and the victim's father, Rick, "does not render its decision as being against the manifest weight of the evidence." *State v. Marcum*, 12th Dist. Butler No. CA2012-03-054, 2012-Ohio-5007, ¶ 25. The jury was free to disregard Bridget's testimony, Rick's testimony, or both. The same is true as it relates to the documentary evidence that Bridget and Rick provided to corroborate their testimony. But, by virtue of its guilty verdict, the jury clearly found their testimony and evidence credible, whereas the testimony and evidence offered by Andrews in her defense was not. To do so was not error. *See State v. Wisby*, 12th Dist. Clermont No. CA2012-06-049, 2013-Ohio-1307, ¶ 17 (finding a jury's guilty verdict finding appellant guilty of violating a protection order in violation of R.C. 2919.27[A][1] was not against the manifest weight of the evidence where, "[b]y virtue of the jury's verdict, it found [the state's

- 7 -

witness'] testimony credible, and did not believe [appellant's] testimony that he was unaware of the civil protection order or its terms"). Therefore, given these principles, it simply cannot be said that Andrews' conviction for two counts of violating a protection order was against the manifest weight of the evidence. Andrews' second argument also lacks merit.

## Conclusion

{¶ 15} For the reasons outlined above, and finding Andrews' conviction for two counts of violating a protection order in violation of R.C. 2919.27(A)(1), one a third-degree felony pursuant to R.C. 2919.27(B)(4) and the other a first-degree misdemeanor under R.C. 2919.27(B)(2), was not against the manifest weight of the evidence, Andrews' single assignment of error lacks merit and is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.