[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Myles v. Goering*, Slip Opinion No. 2023-Ohio-483.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-483

THE STATE EX REL. MYLES, APPELLANT, *v.* GOERING, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Myles v. Goering*, Slip Opinion No. 2023-Ohio-483.]

*Mandamus—Procedendo—Inmate's complaint challenging trial court's sentencing entry failed to state a viable claim for relief in mandamus or procedendo against named respondent—Court of appeals' dismissal of complaint affirmed.*

(No. 2022-0696—Submitted January 10, 2023—Decided February 22, 2023.)

APPEAL from the Court of Appeals for Hamilton County, No. C-220112.

_____

**Per Curiam.**

**{¶ 1}** Appellant, Gerry T. Myles,[1] appeals the First District Court of Appeals' dismissal of his complaint for a writ of mandamus and/or procedendo against appellee, Hamilton County Common Pleas Court Judge Robert A. Goering ("the trial court"). We affirm.

## Background

**{¶ 2}** In May 2004, Myles was fleeing the police at a high rate of speed when he struck a vehicle being driven by Sylvia Scherer. *See State v. Myles*, 1st Dist. Hamilton No. C-050810, 2007-Ohio-3307, ¶ 1-2. Scherer was killed. *Id*. at ¶ 1. Myles was indicted in the Hamilton County Court of Common Pleas for felony murder (the predicate felony being felonious assault), one count of aggravated vehicular homicide, and two counts of failure to comply with an order or signal of a police officer. Myles was found guilty on all counts, and in September 2005, Judge Beth A. Myers sentenced him to an aggregate prison term of 20 years. The court of appeals affirmed. *Id.* at ¶ 77.

**{¶ 3}** In March 2022, Myles filed a complaint in the First District alleging that he had been convicted of felony murder based on the predicate felony of felonious assault but that the trial court's sentencing entry did not dispose of the underlying felonious-assault charge. He sought a writ of mandamus and/or procedendo compelling the trial court "to enter judgment (including sentence) on each and every offense for which there is a conviction, i.e., 'Felonious Assault to wit: Sylvia Scherer,' " and to issue a journal entry memorializing the disposition.

---

1. The indictment in the underlying criminal case identifies him as "Gary" Myles. He is variously referred to as "Gary" and "Gerry" throughout the criminal case. However, in his complaint in this case, relator identifies himself as "Gerry."

**{¶ 4}** The court of appeals granted the trial court's motion to dismiss Myles' complaint for a writ of mandamus and/or procedendo on the ground that Myles had not been indicted on a separate charge of felonious assault and therefore the trial court had no legal duty to enter a separate judgment as to felonious assault. Myles appealed.

### Legal Analysis

**{¶ 5}** We review dismissals under Civ.R. 12(B)(6) de novo. *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint." *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶ 11. "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief." *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998).

**{¶ 6}** To be entitled to a writ of mandamus, a party must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. A writ of procedendo will issue when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Culgan v. Collier*, 35 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564, ¶ 7. To be entitled to a writ of procedendo, a party must establish (1) a clear legal right to require the trial court to proceed, (2) a clear legal duty on the part of the trial court to proceed, and (3) the absence of an adequate remedy in the ordinary course of the law. *State ex rel. Ames v. Pokorny*, 164 Ohio St.3d 538, 2021-Ohio-2070, 173 N.E.3d 1208, ¶ 6.

**{¶ 7}** Myles notes that while the trial court's sentencing entry reflects his conviction for felony murder, the entry does not contain a disposition with respect to the predicate offense of felonious assault. Myles therefore contends that the sentencing entry is not a final, appealable order, and he seeks a writ of mandamus or procedendo compelling the trial court to dispose of the felonious-assault charge by entering a final judgment in his criminal case.

**{¶ 8}** But the trial court has no clear legal duty to journalize a disposition of a felonious-assault charge in Myles's case, because Myles was never indicted on a charge of felonious assault. R.C. 2903.02(B), Ohio's felony-murder statute, provides: "No person shall cause the death of another as a proximate result of the offender's committing or attempting to commit *an offense of violence* that is a felony of the first or second degree and that is not [voluntary or involuntary manslaughter]." (Emphasis added.) Felonious assault, R.C. 2903.11, is specifically identified as an "offense of violence." R.C. 2901.01(A)(9)(a); *State v. Owens*, 162 Ohio St.3d 596, 2020-Ohio-4616, 166 N.E.3d 1142, ¶ 9. To sustain a conviction for felony murder, the state must prove the elements of the predicate offense beyond a reasonable doubt. *See, e.g.*, *State v. Taylor*, 8th Dist. Cuyahoga No. 108347, 2020-Ohio-3589, ¶ 27 ("In order to prove felony murder under R.C. 2903.02(B), the state must prove that the victim's death was proximately caused by the commission or attempted commission of a violent predicate offense, such as felonious assault").

**{¶ 9}** However, there is no requirement that the state charge the defendant with the predicate offense as a separate count in the indictment. In *State v. Frazier*, for example, the defendant was charged with felony murder based on a number of predicate felonies, one of which was rape, but the defendant was not separately charged with rape in the indictment. 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 36. We held that the state could introduce evidence of rape to establish the underlying felony, despite the lack of a separate charge for rape. *Id.* at ¶ 134. Likewise, in *State v. Adams*, the defendant was charged with aggravated

4

felony murder under R.C. 2903.01(B), with four predicate felonies. 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 71. He was also indicted on charges for each of the four predicate felonies, but the trial court dismissed those counts as barred by the statute of limitations. *Id*. at ¶ 71-72. After holding that the charge of aggravated felony murder was not time-barred, we affirmed Adams's aggravated felony-murder conviction even though he was not subject to prosecution for the underlying felonies, because "aggravated felony murder is a specific offense that is separate from the underlying felony." *Id*. at ¶ 78.

{¶ 10} The trial court was under no duty to dispose of a felonious-assault charge in Myles's criminal case, because no such charge was brought against him. The trial court issued a final, appealable order in Myles's case—indeed, Myles previously utilized that order to appeal his criminal convictions. *See Myles*, 2007-Ohio-3307. For these reasons, Myles's complaint failed to state a claim for relief in mandamus or procedendo and was properly dismissed.

## Conclusion

{¶ 11} Based on the foregoing, we affirm the judgment of the First District Court of Appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

DETERS, J., not participating.

_____

Gerry T. Myles, pro se.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellee.

_____