[Cite as *Sallock v. Tillimon*, 2023-Ohio-3193.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Abraham Sallock, et al.

Appellees

v.

Duane J. Tillimon, et al.

Appellant

Court of Appeals No.  L-22-1241

Trial Court No.  CI0202002705

**<u>DECISION AND JUDGMENT</u>**

Decided: September 8, 2023

* * * * *

Duane J. Tillimon, Pro se.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from three judgments of the Lucas County Court of

Common Pleas which, collectively: (1) denied the motion to dismiss by defendant-

appellant, Duane J. Tillimon, to the complaint by plaintiffs-appellees, Abraham Sallock

and his wife Manira Sallock, to declare appellant a vexatious litigator; (2) dismissed

appellant's cross-claim against appellee's attorney, Jacob Studer, for sanctions, and (3) awarded appellant out-of-pocket costs plus filing fees after previously granting appellant's motion for summary judgment. Ultimately, the trial court dismissed appellees' complaint with prejudice, granted appellant's counterclaim against appellees for noncompliance with discovery orders, and awarded appellant damages. For the reasons set forth below, this court affirms the judgments of the trial court.

## I. Background

{¶ 2} While the subject of this appeal is Ohio's Vexatious Litigator Statute, R.C. 2323.52, the underlying dispute began with a tenant-landlord dispute over the return of a security deposit for a residential premises located in Lucas County, Ohio.

### A. Security Deposit Dispute

{¶ 3} Appellant vacated the residential premises he rented from appellees in 2018. When the appellees did not promptly return appellant's full security deposit of $1,095, appellant filed a complaint in Sylvania Municipal Court, assigned case No. CVF1900682, and, in 2019, obtained a judgment in his favor for $2,117, plus costs and interest, pursuant to R.C. 5321.16.

{¶ 4} Appellees, acting pro se at the time, appealed the decision of the Sylvania Municipal Court to this court, which was assigned case No. L-20-1015. This court eventually dismissed the matter on March 27, 2020, pursuant to App.R. 18.

2.

**{¶ 5}** Meanwhile, appellees tendered payment for the judgment[1] to appellant. Appellees allege appellant rejected the payment for unexplained reasons, and then on June 17, motions for proceeding in aid of execution and for Civ.R. 11 sanctions against Mr. Studer were filed in case No. CVF1900682, both of which the municipal court promptly denied. The court then set a date for a debtor exam on July 30.

**{¶ 6}** Around the same time, appellees petitioned this court to waive the court costs in case No. L-20-1015, which this court denied on August 28, 2020.

**{¶ 7}** Prior to July 30, appellant filed a motion for sanctions of $1,000 against appellees and requested an oral hearing in case No. CVF1900682, which the municipal court promptly denied. Appellant followed up with a motion to compel discovery. The court set July 27 for a review hearing.

**{¶ 8}** Then on July 20, appellees filed motions for relief from judgment, or alternatively, to stay judgment for appellant to accept initial judgment, and for a hearing on all matters. Appellant opposed the motions, and the municipal court set August 6, 2020 for a hearing on the motions.

**{¶ 9}** Then on July 29, appellees filed a motion to continue both the July 30 debtor's exam and the August 6 hearing on the motion for relief from judgment. The

---

[1] Exhibit A of the complaint is the certified mailing of a January 16, 2020 check payable to appellant, which referenced "case No. CVF1900682 payment" for $2,426.68, comprised of $2,117.00 for damages, plus $225.00 for court costs, plus $84.68 for interest. Appellant signed for it on January 21, 2020.

court promptly granted that motion, cancelled the July 30 debtor's exam, cancelled the August 6 hearing, and scheduled a hearing for August 20 to address the motion to accept initial judgment. On July 30, appellant, again, filed a motion for Civ.R. 11 sanctions against Mr. Studer, and four days later filed a motion to order Mr. Studer to submit verifiable evidence for failing to attend the July 30 debtor's exam.

{¶ 10} The subsequent history and resolution of case No. CVF1900682 is not in the record before us.[2] App.R. 9(A)(1).

## B. Vexatious Litigator Dispute

{¶ 11} While the municipal court tenant-landlord dispute was pending, on August 5, appellees filed a complaint in Lucas County Common Pleas Court, assigned case No. CI2020-02705, to have appellant declared a vexatious litigator pursuant to R.C. 2323.52[3] and for related damages and attorney fees incurred by appellees from appellant's vexatious conduct. At all times appellant, who is not an attorney licensed to practice law in Ohio, acted pro se.

---

[2] As the common pleas court explained in its April 16, 2021 journalized entry, appellant's motion to dismiss appellees' complaint is based on "winning" at an August 20, 2020 hearing in case No. CVF1900682, but the docket for case No. CVF1900682 attached to the complaint only contains journal entries through August 3.

[3] Appellees allege, "Duane J. Tillimon has previously been placed on the Supreme Court of Ohio's vexatious litigator list and a previous judgment rendering him thus has been ordered out of this Court."

4.

## 1. Trial Court Denies Appellant's Motion to Dismiss Complaint

{¶ 12} On August 24, appellant filed, pursuant to Civ.R. 12(B)(1) and 12(B)(6),[4] a "Motion for Dismissal of Complaint with Prejudice Based Upon the Pleadings Filed," which appellees opposed. Appellant argued the common pleas court lacked jurisdiction "over the issue of attorney fees incurred in another court [Sylvania Municipal Court]." Appellant essentially alleged that the only reason for the vexatious-litigator complaint is appellees' refusal to pay Mr. Studer's attorney fees from case No. CVF1900682. Appellant further alleged that Mr. Studer advised appellees "that if they prosecute Tillimon to recover their attorney fees, they will not owe attorney Jacob Studer any money." Appellant concluded that Mr. Studer is unhappy that a pro se litigant won in court and that appellees are, in effect, "vexatious litigators."

{¶ 13} The trial court denied appellant's motion to dismiss by journalized entry on April 16, 2021. The trial court detailed the reasons why appellant's motion was meritless. First, the trial court had Civ.R. 12(B)(1) subject-matter jurisdiction pursuant to R.C. 2323.52(B) and applicable law and rejected appellant's unsupported argument that a jurisdictional prerequisite was not met. Appellant's arguments relied on speculations

---

[4] The trial court determined that appellant's motion, which failed to clearly identify its basis, implicated and invoked both Civ.R. 12(B)(1) and 12(B)(6).

5.

using "his own gratuitous, psychologized speculation regarding the motives of the Sallocks and their counsel for bringing this [vexatious-litigator] lawsuit" where the complaint "evinces no attempt to establish entitlement to attorney fees as a claim for relief."

{¶ 14} Second, the trial court concluded appellant failed to meet his burden under Civ.R. 12(B)(6). Appellant's arguments relied on speculations from events occurring in case No. CVF1900682 after August 3, 2020, including a so-called "win" on August 20, 2020. The trial court determined that appellant's post-judgment[5] conduct "constitutes the gravamen of the Sallocks' complaint," and R.C. 2323.52 governs post-judgment proceedings. Consequently, "courts hold that initial good faith in bringing an action does not per se insulate the party from being declared a vexatious litigator for subsequent conduct."

{¶ 15} One example of appellant's post-judgment conduct alleged in appellees' complaint are letters attached to the complaint sent by appellant dated January 4, 2020, to 17 putative tenants of appellees. Appellant defended them as routine letters by a judgment creditor. In those letters appellant told the recipients that appellees are dishonest landlords and that appellant, as a former tenant, had won a judgment against them. Appellant then specifically told those putative tenants, "Because the Sallocks

---

[5] On December 10, 2019, appellant obtained judgment against appellees in Sylvania Municipal Court in case No. CVF1900682.

6.

refuse to pay me the judgment, I am now required to garnish you for any money you owe them for rent. If you voluntarily pay me next month's rent, I will not name you in any future garnishment action in court, I will accept one month's rent and release you of all further liability." There is no evidence of a garnishment order in the municipal court docket record as of August 3, 2020.

## 2. Trial Court Dismisses Cross-Claim

{¶ 16} While appellant's motion to dismiss remained pending, appellant answered the complaint on February 22, 2021, and counterclaimed against appellees while cross-claiming against Mr. Studer, a nonparty.[6] Appellant's counterclaim and cross-claim duplicated allegations against appellees and Mr. Studer for frivolous conduct, violating R.C. 2323.51, lack of due diligence, extortion, abuse of legal process, malicious prosecution, and violating Civ.R. 11.

{¶ 17} On March 3, Mr. Studer filed a Civ.R. 12(B)(6) motion to dismiss appellant's cross-claim, which appellant opposed. Mr. Studer argued appellant lacked privity of contract and lacked proof of malice to sue Mr. Studer, a licensed attorney, who acted in good faith while representing appellees in their disputes with appellant. Mr. Studer argued that appellant's extensive history with Ohio's judicial system as a pro se

---

[6] The record does not clearly state that for purposes of the counterclaim, defendant-appellant is the counterclaim plaintiff, and plaintiffs-appellees are the counterclaim defendants. For purposes of the cross-claim, defendant-appellant is the cross-claim plaintiff, and Mr. Studer is the nonparty cross-claim defendant.

litigator previously resulted in his declaration by the Lucas County Common Pleas Court in case No. CI2005-03931 as a vexatious litigator. He further argued,

> Tillimon has been put on notice that his actions of the same kind in this matter and the Sylvania Municipal Court matter are unacceptable and he has chosen to ignore that warning. Not only has he acted outside the realm of acceptable conduct by trying to use the legal system to generate money but he has now filed this crossclaim against Counsel with the specific purpose of causing Counsel damage, be it monetary or a drain on Counsel's time from other clients, in order to try to force a favorable resolution for himself. Counsel would state that Tillimon has acted with malice and disregard for the legal process.

{¶ 18} Then on July 13, 2021, the trial court journalized its notice of intent to dismiss appellant's cross-claim on its sua sponte Civ.R. 12(B)(6) motion. Appellant opposed the trial court's notice, and on January 3, 2022, pursuant to its sua sponte motion, the trial court dismissed without prejudice appellant's cross-claim against Mr. Studer. The trial court then limited the remaining litigation to one issue: "Does this court have authority pursuant to R.C. 2323.52, to grant the requests for pecuniary relief (damages and attorney fees) set forth in the complaint's demand for judgment?"

**3. Trial Court Dismisses the Complaint and Grants Appellant's Counterclaim**

8.

{¶ 19} On March 3, appellees answered appellant's counterclaims and asserted numerous affirmative defenses. Subsequently, the trial court scheduled the complaint and counterclaim for trial on June 20, 2022, which was then moved to June 21, and then to August 29. Meanwhile, appellant sought to depose appellees prior to trial.

{¶ 20} On July 6, the trial court ordered appellees to schedule and complete all depositions by August 8. Although there is no notice in the record, apparently appellant sought to depose appellees on August 3. On that day appellees faxed appellant and the trial court a motion to continue the depositions because Mrs. Sallock had just had a cardiac event. The motion attached documentation of that cardiac event. For unknown reasons, the trial court clerk did not journalize the August 3 motion until August 11. Nevertheless, by the August 11 pretrial hearing, the August 3 deposition date had passed, appellees orally withdrew their motion for continuance, and as journalized on August 23, the trial court denied the motion as moot.

{¶ 21} Following an August 12 journalized order for appellees to report for, and to pay for, a deposition to be scheduled by appellant, appellant filed a notice of deposition for August 17. Appellant's notice is silent on whether he consulted appellees before scheduling the deposition. On August 15, appellees faxed appellant and the trial court a motion to continue the August 17 deposition, with supporting documentation, because of Mrs. Sallock's scheduled follow up care for the cardiac event. For unknown reasons, once again, the clerk did not journalize the August 15 motion. Despite not being found in

9.

the record, appellant opposed it in the record, and the trial court acknowledged the motion in its August 23 order denying it as moot.

{¶ 22} On August 22, appellant filed a motion for contempt of the August 12 order, which the trial court treated as a motion for summary judgment to dismiss the complaint, and granted it with prejudice[7] pursuant to Civ.R. 41(B), which states, "(1) Where the plaintiff fails to * * * comply with * * * any court order, the court upon motion of a defendant * * * after notice to the plaintiff's counsel, dismiss an action or claim."  The assessment of damages was scheduled for September 30.

{¶ 23} With the assessment of damages set for September 30, the trial court ordered appellees to appear for, and to pay for, their depositions by appellant on September 16. On September 21, the trial court denied appellant's motion to continue the damages hearing for a delay in receiving the September 16 deposition transcripts. On September 30, appellant testified his out-of-pocket expense was $65.00 for one missed deposition and the court costs. Appellant admitted that attorney's fees can only be awarded to attorneys. Appellant further testified  that "substantial damages" are necessary to send a message "to prevent the Sallocks from doing this gain to me * * * or against * *

---

[7] The trial court's original judgment entry, journalized on August 26, 2022, was subsequently amended by journalized entry on March 13, 2023, to dismiss appellees' complaint with prejudice.

10.

* some other tenant that they refuse to give the [security] deposit back to." The trial court's final, appealable order, journalized on October 3, 2022, states,

> This case is before the court for a hearing on default judgment granted to defendant on his counterclaims against plaintiffs for failing to comply with discovery orders issued by the court.[8] After due consideration of the record the court awards judgment for defendant against plaintiffs for defendant's out-of-pocket costs plus filing fees. * * * [D]efendant is awarded a judgment of one hundred ninety dollars ($190.00) plus interest at the statutory rate.

{¶ 24} Appellees paid the judgment to appellant, did not appeal the trial court's decision, and did not file an appellee brief. Appellant timely appealed and set forth four assignments of error:

> 1. The trial court committed reversible error, and abused its discretion, when it dismissed Defendant Tillimon's Crossclaim against Plaintiff's attorney Studer.

---

[8] The record does not contain a separate judgment entry of default against appellees on appellant's counterclaim, and the record contains appellees March 3, 2021 answer to the counterclaims. Nevertheless, at the September 30 hearing, the trial court announced, without objection, "We're here for an assessment of damages hearing. The court previously granted summary judgment on behalf of the defendant on plaintiffs' complaint, and a default judgment on the counterclaim based upon failures to comply with this court's discovery rules."

11.

2. The trial court committed reversible error, and abused its discretion, when it denied Defendant Tillimon additional discovery time and a transcript of Plaintiff's deposition to use in court.

3. The trial court committed reversible error, and abused its discretion, when it denied Defendant Tillimon his right to a damage hearing before a jury as endorsed by Plaintiffs Sallock.

4. The trial court committed reversible error, and abused its discretion, when it failed to award Defendant Tillimon reasonable compensatory damages, punitive damages, and sanctions against Plaintiffs Sallock for filing a frivolous Counterclaim, Appeal and Complaint against Defendant Tillimon since the Trial Court found the Plaintiffs Sallock financially liable4 for such conduct on Summary Judgment.

## II. Dismissal of Cross-Claim

{¶ 25} In support of his first assignment of error, appellant incorrectly argues the proper standard of appellate review is abuse of discretion of the trial court's dismissal without prejudice of appellant's cross-claim against Mr. Studer. We note that, originally, Mr. Studer filed his motion to dismiss pursuant to Civ.R. 12(B)(6), but the trial court did not grant that motion. Instead, the trial court dismissed appellant's cross-claim on its own Civ.R. 12(B)(6) motion, after giving over five months' notice to the parties pursuant to *Emery v. State Farm Ins.*, 6th Dist. Sandusky No. S-15-010, 2015-Ohio-4056, ¶ 14, citing

12.

*State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). The trial court then denied Mr. Studer's motion as moot.

{¶ 26} Civ.R. 12(B)(6) states, "Every defense, in law or fact, to a claim for relief in any pleading * * * may at the option of the pleader be made by motion: * * * (6) failure to state a claim upon which relief can be granted[.]" Civ.R. 12(B)(6) applies to cross-claims as it does to a complaint. *Royce v. Smith*, 68 Ohio St.2d 106, 108, 429 N.E.2d 134 (1981); *Commerce & Industry Ins. Co. v. City of Toledo*, 45 Ohio St.3d 96, 101-02, 543 N.E.2d 1188 (1989).

{¶ 27} We review de novo a trial court's dismissal pursuant to Civ.R. 12(B)(6), which tests the sufficiency of appellant's cross-claim. *State ex rel. Myles v. Goering*, Slip Opinion No. 2023-Ohio-483, ¶ 5. "'Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief.'" *Id.*, quoting *Clark v. Connor*, 82 Ohio St.3d 309, 311, 695 N.E.2d 751 (1998). Although we are to assume the facts alleged in the cross-claim are true for Civ.R. 12(B)(6) purposes, we do not assume the legal conclusions alleged to be drawn from those facts are also true, and we disregard any unsupported conclusions included among the facts alleged in the amended complaint. *O'Loughlin v. Ottawa St. Condominium Assn.*, 6th Dist. Lucas No. L-16-1128, 2018-Ohio-327, ¶ 22.

13.

**{¶ 28}** The trial court gave six reasons for dismissing appellant's cross-claim against Mr. Studer. Upon de novo review, we agree with each reason; however, any one reason supports dismissal of the cross-claim.

**{¶ 29}** First, appellant cannot properly assert a cross-claim against Mr. Studer, a nonparty. Civ.R. 13(G) authorizes a cross-claim only by one party against a co-party: "A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein[.]" The trial court cited *Cincinnati Ins. Co. v. Bellini*, 12th Dist. Clermont No. CA91-05-034, 1991 WL 278255, *2 (Dec. 30, 1991) (Civ.R. 13(G) only allows a cross-claim against one who is already a party), in addition to other appellate districts. We concur. Mr. Studer was never a party in appellees' vexatious litigator action against appellant, and appellant's cross-claim against Mr. Studer did not make him a party. *Whitehall v. Olander*, 10th Dist. Franklin No. 14AP-6, 2014-Ohio-4066, ¶ 20.

**{¶ 30}** Second, appellant failed to allege sufficient underlying facts to satisfy Civ.R. 8(A)(1) where the cross-claim averments mostly "state purely legal conclusions, and the remainder do not combine to support of elements of any claim for relief." We concur. For example, appellant supports his averment for a violation of R.C. 2323.51 by merely stating, "The Sallocks and their attorney Jacob A. Studer conducted themselves in a frivolous manner thereby violating [R.C.] 2323.51 by filing the Complaint in this case."

14.

{¶ 31} Third, appellant is not entitled to sanctions or a hearing to determine attorney fees under R.C. 2323.51, because appellant is a pro se litigant, citing *State ex rel. Freeman v. Wilkinson*, 64 Ohio St.3d 516, 517-18, 597 N.E.2d 126 (1992). We concur, finding that the Ohio Supreme Court clearly held that "R.C. 2323.51 provides for attorney fees, not compensation for *pro se* litigants." *Id.* at 517. It is undisputed that at all times appellant was a pro se litigant and admitted that attorney's fees can only be awarded to attorneys.

{¶ 32} Fourth, appellant failed to plead a provable claim under Civ.R. 11 where he alleges that Mr. Studer signed the complaint for appellees and "there are not good grounds" to support it. "Civ.R. 11 does not create an independent cause of action cognizable in a separate suit." *Mitchell v. Whitaker*, 33 Ohio App.3d 170, 171, 514 N.E.2d 937 (8th Dist.1986), paragraph two of the syllabus. We concur.

{¶ 33} Fifth, appellant is not entitled to pursue his malicious-prosecution claim against Mr. Studer where appellant failed to allege underlying facts of the essential elements: "(1) malicious institution of prior proceedings against the plaintiff by defendant, (2) lack of probable cause for the filing of the prior lawsuit, (3) termination of the prior proceedings in plaintiff's favor, and (4) seizure of plaintiff's person or property during the course of the prior proceedings." *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 662 N.E.2d 9 (1996), syllabus. We concur. Appellant, as the cross-claim plaintiff, does not allege that Mr. Studer, as the nonparty cross-claim defendant,

15.

initiated, maliciously or otherwise, case No. CVF1900682. Appellant admits he initiated the municipal court litigation against appellees and "won."

{¶ 34} Finally, appellant is not entitled to pursue an abuse-of-process claim against Mr. Studer where appellant failed to allege underlying facts of the essential elements: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298, 626 N.E.2d 115 (1994). We concur. Appellant, as the cross-claim plaintiff, does not allege that Mr. Studer, as the nonparty cross-claim defendant, filed the complaint as the plaintiff in case No. CI2020-02705, let alone that Mr. Studer did so in proper form and with probable cause.

{¶ 35} Appellant's reliance on *Keith-Harper v. Lake Hosp. Sys., Inc.*, 2017-Ohio-7361, 96 N.E.3d 823 (11th Dist.) is misplaced. In that wrongful employment termination matter, no appeal was taken from the trial court's final appealable order. *Id.* at ¶ 1-4. Subsequent to the trial court's final decision, the former employer filed a motion for sanctions under R.C. 2323.51 and Civ.R. 11 for attorney conduct since that decision. *Id.* at ¶ 5. Here, appellant filed a cross-claim against a nonparty pursuant to R.C. 2323.51 in the original cause of action that was actively pending before the trial court.

16.

{¶ 36} We reviewed the record de novo and find no trial court error dismissing appellant's cross-claim against Mr. Studer without prejudice.

{¶ 37} Appellant's first assignment of error is not well-taken.

### III. Continuance

{¶ 38} In support of his second assignment of error, appellant argues the trial court was unreasonable when it denied his motion to continue the September 30, 2022 damages hearing for an unspecified period of time in order for him to obtain the deposition transcript of appellees. Appellant argues the transcript was necessary for the damages hearing because, "Both the Sallocks, and attorney Studer falsely testified about not having the 'off the record' hearing they, in fact, had with Judge Bonfiglio." Appellant argues such testimony "needed to be authenticated." However, appellant does not explain why or how such authentication was relevant to the September 30 hearing. Appellant merely concludes that, because the trial court did not give its reasons, he was prejudiced by the trial court's denial. We disagree.

{¶ 39} We review the grant or denial of a continuance for an abuse of discretion. *In re Edward M.*, 6th Dist. Lucas Nos. L-04-1282, L-04-1304, 2005-Ohio-3354, ¶ 21, citing *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). Abuse of discretion "'connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404

17.

N.E.2d 144 (1980). For the following reasons we do not find the trial court's attitude was unreasonable, arbitrary or unconscionable.

{¶ 40} First, appellant was on notice since the trial court's January 3 judgment entry, that the trial court limited the litigation to the issue of the court 's authority to grant the requests for pecuniary relief in appellees' complaint. The trial court announced:

It is painfully obvious that the failure to bring resolution to that issue has spawned the controversy to date, and threatens to prolong the discovery process. This court has the authority, inherently and under amended Civ.R. 26(F), to control its docket and to regulate discovery; and it is now going to exercise that authority to its full, permissible extent[.]

The denied continuance is consistent with the trial court's announcement. "[C]ontrol over a trial docket is within the judge's discretion[.]" *Warrick v. Gaudynski*, 6th Dist. Lucas No. L-86-358, 1987 WL 18442, *1 (Oct. 16, 1987).

{¶ 41} Second, the transcript of the September 30 damages hearing is in the record, but appellant does not point us to where the prejudice to appellant arose from the alleged trial court error. App.R. 16(A)(7). We decline to speculate.

{¶ 42} Third, the trial court admitted, over appellees' objections, all of appellant's evidence at the hearing, including his 49-page "Affidavit of Duane J. Tillimon in Support of Damages" and "the ex parte private secret letter sent to Sylvania Municipal Court Judge Michael Bonfiglio that was construed as a Notice of Appeal by Judge Bonfiglio[.]"

18.

Further, the trial court listened to all of appellant's arguments in favor of damages, until appellant had nothing further to say. The trial court's October 3 journalized entry states appellant "presented evidence and exhibits," all of which was available for the trial court's consideration

{¶ 43} Fourth, the trial court's judgment entry, journalized on September 16, confirms that appellees' depositions by appellant were held on that day at the trial court. Thus, the trial court was aware of what transpired during those depositions and, on September 30, was prepared to rule on any objections raised.

{¶ 44} Finally, and contrary to appellant's urging, the trial court is not required to adopt his characterization of the municipal court proceedings. The trial court judge, as the fact finder, reminded the parties it "will only consider those portions [of the evidence] that are relevant as it relates to damages." "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212, 213 (1967), paragraph one of the syllabus.

{¶ 45} We find the trial court did not abuse its discretion when it denied appellant's motion to continue the damages hearing for an unspecified period of time.

{¶ 46} Appellant's second assignment of error is not well-taken.

19.

## IV. Damages Assessment by Jury

{¶ 47} Appellant argues for this third assignment of error that because appellees' complaint made a jury demand, appellant is entitled to a jury determination of his damages pursuant to Civ.R. 38(D).  In support, appellant points to a portion of the September 30 transcript in which he acknowledges he may have been under a misconception that September 30 was a jury trial, and acknowledges the trial court instructed him, "No, this is an assessment of damages hearing to determine what money you were owed as a result of the judgment that has been entered against the Sallocks." Appellant merely concludes, "The Damage Hearing clearly should have been held before a jury."  We disagree.  The hearing transcript shows appellant did not argue to the trial court why he believed he was entitled to a damages jury-trial, such as having paid the jury fee.  Rather, the trial court's October 3 journalized entry shows that appellant "withdrew the Jury Instructions that were filed on September 19, 2022."

{¶ 48} We review the denial of jury trial for an abuse of discretion.  *See Skiadas v. Finkbeiner*, 6th Dist. Lucas No. L-05-1094, 2007-Ohio-3956, ¶ 30 (no abuse of discretion for waiving jury trial for failure to pay jury fee); *Runge v. Brown*, 6th Dist. Ottawa No. OT-12-033, 2013-Ohio-3064, ¶ 12.

{¶ 49} Civ.R. 38(D) states, "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(D) constitutes a waiver by him of a trial by jury.  A demand for trial by jury made as herein provided may not be withdrawn without

20.

the consent of the parties." As explained by the Staff Notes to Civ.R. 38(D), the consequence of failing to make a proper jury demand under Civ.R. 38(B) is a waiver of the right to a jury trial.

{¶ 50} This matter was before the General Division of the Lucas County Court of Common Pleas, and under Gen. R. 5.07(F), if a party fails to deposit $200 at least seven days prior to the scheduled trial date and to send immediate notice to counsel for all other parties regarding the filing of the jury deposit, that party waives the jury and waives any objection to the payment of the jury fee by another. Appellant provides neither evidence of payment of the $200 jury fee by him or by appellees, nor of notice to appellees that he paid the jury fee when appellees failed to do so.

{¶ 51} Having failed to properly make a jury demand and fee payment under the local rules, we find that appellant waived his right to a jury trial on damages. "Local court rules, requiring an advance deposit as security for the costs of a jury trial and providing that the failure of a party to advance such deposit constitutes a waiver of the right to a trial by jury, are moderate and reasonable regulations of the right of trial by jury, and are constitutional and valid." *Walters v. Griffith*, 38 Ohio St.2d 132, 311 N.E.2d 14 (1974), syllabus. Such local rule is supplementary to, not in opposition with, Civ.R. 38. *Id.* at 133-134; *see Pasco v. McCoy*, 6th Dist. Ottawa No. OT-94-046, 1995 WL 386441, *5 (June 30, 1995) (finding a $250 jury deposit is not excessive, is

21.

constitutional, and subject to waiver of the right to a jury trial under the court's local rules).

{¶ 52} We reviewed the record and find the trial court did not abuse its discretion when it denied appellant a jury trial for the assessment of damages.

{¶ 53} Appellant's third assignment of error is not well-taken.

## V. Damages Award

{¶ 54} Appellant argues for this fourth assignment of error that the trial court abused its discretion by ordering an award that did not reasonably compensate him and did not sufficiently punish appellees. Appellant argues that because his counterclaim against the appellees was successfully granted on summary judgment, and because in his counterclaim he demanded in excess of $25,000 in damages from each of them, the sole "purpose of the Damage Hearing was be (sic.) to determine how much in excess of $25,000.00 each was to be awarded, and not to determine whether, or not, any judgment at all was to be awarded to Tillimon." Appellant argues the trial court should have awarded him $30,000 as compensatory damages under R.C. 2323.51, which he calculated to be the equivalent of paying an attorney who billed 200 hours at $150 per hour because he spent 200 hours defending this case. We disagree.

{¶ 55} "In Ohio, the burden of proving damages by a preponderance of the evidence is upon the party claiming the damages." *Johnson v. Ball*, 6th Dist. Ottawa No. OT-20-019, 2021-Ohio-3136, ¶ 20. Appellant was given every opportunity at the

22.

September 30 bench trial to give evidence and argument to support the damages he sought.

{¶ 56} Appellant's affidavit, which was admitted as evidence, states appellant sought "a judgment of at least $100,000 to compensate me for the frivolous claims the Sallocks forced me to defend, for violating Civil Rule 11, for abusing the legal process, for acting with frivolous, malicious and abusive conduct against me, and in order to discourage a repeat of such conduct against me, or others."  Appellant provided no evidence to support his claim for $100,000, either in the affidavit or at the bench trial.

{¶ 57} Appellant's affidavit also states he sought compensation for his pro se time:

> I have over 200 hours of time in researching law, preparing pleadings, driving to court, and appearing in court, and mailing out copies of pleadings over the last three years defending against the frivolous claims in three different courts. If I had hired a cheap attorney at $150.00 per hour, the cost would total $30,000 more in damages than what I am be (sic.) entitled to recover in this case. I have also incurred the cost of ink, copy paper, copy services and postage for hundreds of pages of pleadings. I understand that since I am not an attorney, I cannot recover these expenses, but these damages should be considered when granting my judgment for the reasons I alleged in my Counterclaim.

23.

{¶ 58} Appellant provided no evidence to support his out-of-pocket expense for paper, ink, etc. And appellant conceded in the record he is not an attorney and cannot seek compensation as an attorney. Appellant cites no legal authorities to lead us to conclude otherwise. App.R. 16(A)(7).

{¶ 59} Because the trial court's judgments in appellant's favor were in response to appellees' failure to comply with the trial court's discovery orders, we find there is competent, credible evidence in the record to support the trial court's damage award. Appellant repeatedly testified at the hearing that his out-of-pocket costs were $65.00 for the missed deposition and unspecified court costs. Such proof was by a preponderance of the evidence because his affidavit for damages stated, "My out-of-pocket expenses in this case consisted of the court costs to file the Counterclaim, and the $65.00 I paid to Glass City Reporting when the Sallocks didn't show up for their deposition the first time," and he attached the invoice. The trial court awarded him $190.00 plus interest at the statutory rate.

{¶ 60} "We review a trial court's judgment following a bench trial under the manifest weight of the evidence standard." *Zak v. Airhart*, 6th Dist. Lucas No. L-21-1052, 2021-Ohio-4399, ¶ 42. In such review, "we weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the trial court clearly lost its way in resolving conflicts in the evidence, creating such a manifest miscarriage of justice that reversal and a new trial are necessary." *Id.* We will not

24.

reverse the trial court's judgment if the essential elements of the case are supported by some competent, credible evidence in the record. *Id.*

{¶ 61} We reviewed the record and find the trial court's damage award to appellant was not against the manifest weight of the evidence.

{¶ 62} Appellant's fourth assignment of error is not well-taken.

## VI. Conclusion

{¶ 63} On consideration whereof, the judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.       _____

                 JUDGE

Gene A. Zmuda, J.

                _____

Charles E. Sulek, J.        JUDGE
CONCUR.

                _____

                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.