[Cite as *Helfrich v. Heinz*, 2023-Ohio-4425.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| JAMES HELFRICH | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J. |
|     Plaintiff-Appellant | Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 23 CA 0048 |
| CAROLINE LARSON HEINZ, et al. | |
|     Defendants-Appellees | O P I N I O N |


CHARACTER OF PROCEEDING:    Civil Appeal from the Municipal Court, Case No. 23 CVF 00289

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    December 5, 2023

APPEARANCES:

For Plaintiff-Appellant        For Defendants-Appellees

JAMES HELFRICH        No Appearance
PRO SE
P. O. Box 921
Pataskala, Ohio  43062

*Wise, J.*

**{¶1}** Appellant James Helfrich appeals the May 17, 2023, decision of the Licking County Municipal Court following a bench trial, finding in his favor for unpaid rent and damages to a rental property leased to Appellee Caroline Larson Heinz.

**{¶2}** Appellees Caroline Larson Heinz and Steven Larson have not filed a brief in this matter.

## STATEMENT OF THE FACTS AND CASE

**{¶3}** On February 9, 2023, Appellant James Helfrich filed an action in the Licking County Municipal Court alleging a claim for unpaid rent and damages to the rental property that Appellee Caroline Larson Heinz leased from him.

**{¶4}** On March 16, 2023, Appellees filed their Answer and Counterclaim for return of the security deposit. This counterclaim was later withdrawn at trial.

**{¶5}** On March 27, 2023, Appellant filed "Plaintiff's Answer to Caroline Larson Heinz and Steven Larson's Counterclaim and Request for this Court to Sanction both Defendants under Ohio Revised Code 2323.51 Upon Conclusion of this Action."

**{¶6}** On April 27, 2023, the matter proceeded to trial. At trial, the trial court heard testimony from Appellant James Helfrich, Caroline Larson Heinz, and Steven Larson, who is Ms. Heinz' father, attorney and co-signer on the lease. Appellant appeared *pro se*.

**{¶7}** At trial, Appellant testified as to the costs he incurred in this matter, which included unpaid rent for one month and unpaid utility bills, professional carpet cleaning, replacement carpet and carpet pad, and the cost of labor. He also testified that he replaced a light globe, stove drip pans and a thermostat; the dirty condition of the linoleum in the kitchen; and the cost of having the carpet professionally cleaned. (T. at 20-28).

{¶8}    Ms. Heinz testified that she cleaned the carpet with a carpet cleaner she rented from Kroger. (T. at 40, 46). She further testified that there were no stove drip pans missing, that she replaced 2 drip pans, and also replaced window blinds. (T. at 40). She testified that she cleaned the linoleum floor as best she could, but that the flooring was old. (T. at 40-45). She also testified that the original thermostat was broken so she replaced it with a new electronic one. (T. at 41-42). She stated that she left the broken one in a desk drawer in the kitchen. (T. at 45-46).

{¶9}    Mr. Larson testified that he visited his daughter every month, and that she kept the property in good shape. (T. at 48). He stated that he was no longer asking for the return of the security deposit, and that he was withdrawing his counter claim. (T. at 53). He explained to the judge "I'm [sic] just a you know a lawyer thing file counter claims …To try and settle cases." (T. at 53).

{¶10}  By Judgment Entry filed May 17, 2023, the trial court found,

Plaintiff proved by a preponderance of the evidence that the defendants owed him rent for one month in the amount of $910.00 and $100.00 late fee. He also proved he was entitled to damages for the following items:

Carpet cleaning (as set out in the lease addendum) $197.34

Water/Sewer bill $146.80

Gas bill $79.41

Electric bill $48.04

Light globe $10.00

Plaintiffs other damages requests related to normal wear and tear or were not proven by a preponderance of the evidence. Accordingly, judgment is rendered in favor of plaintiff in the amount of $1,491.59. As plaintiff is entitled to the security deposit, defendant's owe plaintiff $481.59.

{¶11} On May 30, 2023, Appellant filed a Motion for Reconsideration.

{¶12} By Judgment Entry filed May 31, 2023, the trial court denied the Motion for Reconsideration.

{¶13} Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶14} "I. THE TRIAL COURT ERRED BY DENYING A NUMBER OF CLAIMS FOR DAMAGES WHEN THERE WAS COMPETENT AND CREDIBLE EVIDENCE AS TO THE DAMAGES AND COSTS.

{¶15} "II. THE COURT ERRED WHEN IT DID NOT HAVE A COST HEARING THAT HELFRICH REQUESTED.

{¶16} "III. THE TRIAL COURT ERRED IN HOLDING HELFRICH'S STANDARD TO A BURDEN OF PROOF."

I.

{¶17} In his first assignment of error, Appellant argues the trial court erred in denying certain claims for damages and costs. We disagree.

{¶18} Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978). When reviewing a judgment under a manifest

weight standard, an appellate court has an obligation to presume that the findings of the trier of fact are correct. *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 24. Mere disagreement over the credibility of witnesses or evidence is not sufficient reason to reverse a judgment. *Seasons Coal Co. v. City of Cleveland*, 10 Ohio St.3d 77, 81, 461 N.E.2d 1273 (1984).

{¶19} Appellant herein argues that the trial court should have allowed damages for removal and replacement of the carpet and carpet padding, including hauling away old carpet/padding, as well as the cost of labor for cleaning of the stove and refrigerator, linoleum and tile floors, and bathroom (shower, tub and toilet). He claims he paid someone $840 to do this work and to travel to the stores to pick up the materials, change light globe and thermostat, etc.

{¶20} In a case between a landlord and a tenant, a landlord is not entitled to damages for repairs to a rental property where the damages resulted from reasonable wear and tear. *Bibler v. Nash*, 3d Dist. Hancock No. 5–05–09, 2005–Ohio–5036, ¶ 18.

{¶21} Courts generally view the need for cleaning and repainting costs between tenants, even for leases as short as one year, as the sole responsibility of the landlord. *See, e.g., Swartz v. Luker*, 12th Dist. Clermont No. CA91-07-051, 1991 WL 278243, 1991 Ohio App. LEXIS 6319 (Dec. 30, 1991) (finding cleaning and painting costs did not constitute damage beyond ordinary wear and tear); *see also Kelley v. Johnston*, 4th Dist. Gallia No. 01CA5, 2001-Ohio-2622 (finding carpet cleaning and painting costs did not exceed ordinary wear and tear after a three and one-half year tenancy). Landlords "cannot seek to hold [their tenants] responsible for its own required maintenance of the premises. This is a normal cost of doing business." *Kovac v. Whay*, 8th Dist. Cuyahoga

No. 65469, 1994 WL 581528, 6, 1994 Ohio App. LEXIS 4720, 15 (Oct. 20, 1994); S*ee also Calanni v. Stowers*, 8th Dist. Cuyahoga No. 106618, 2018-Ohio-4025, ¶ 51.

**{¶22}** Upon review of the transcript, we find that the trial judge was fully engaged in the hearing. He asked Appellant questions, specifically seeking clarification or explanation for estimated costs. Contrary to Appellant's assertion that the court "ignored the fact that [Appellant] told (Appellee) to never touch the property and there was labor extended." (Appellant's brief at 10). However, we find the trial court specifically addressed the issue in the Judgment Entry, stating "Plaintiffs other damages requests related to normal wear and tear or were not proven by a preponderance of the evidence."

**{¶23}** After a full review of the record, we conclude that Appellant and the trial court simply disagree on the monetary amount for property damages. As this is not an adequate basis for reversal, *Seasons Coal, supra,* we find Appellant's argument to be without merit.

**{¶24}** Appellant's first assignment of error is overruled.

II.

**{¶25}** In his second assignment of error, Appellant argues the trial court erred in not holding a cost hearing. We disagree.

**{¶26}** Appellant herein included a request for sanctions pursuant to R.C. §2323.51, which permits a trial court to award a party in a civil action who is adversely affected by frivolous conduct court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the action. R.C. §2323.51(B)(1).

**{¶27}** Upon review, we find that Appellant is not entitled to sanctions or a hearing to determine attorney fees under R.C. §2323.51, because Appellant in this case is a *pro*

*se* litigant. *State ex rel. Freeman v. Wilkinson*, 64 Ohio St.3d 516, 517-18, 597 N.E.2d 126 (1992). The Ohio Supreme Court clearly held that "R.C. 2323.51 provides for attorney fees, not compensation for *pro se* litigants." *Id.* at 517. *See also Sallock v. Tillimon*, 6th Dist. Lucas No. L-22-1241, 2023-Ohio-3193, ¶ 31.

**{¶28}** As it is undisputed that at all times Appellant herein was a *pro se* litigant, and because attorney's fees can only be awarded to attorneys, we find Appellant was not entitled to a hearing on his motion.

**{¶29}** Appellant's second assignment of error is not well-taken and the Court overrules same.

### III.

**{¶30}** In his third assignment of error, Appellant states the trial court erred in "holding [Appellant's] standard to a burden of proof."

**{¶31}** In this "Assignment of Error", Appellant expresses his unhappiness with the judicial system, including the trial court and this Court, and "points out its prejudice." (Appellant's brief at 11).

**{¶32}** Upon review, we find this assignment of error contains no legal argument. Appellant's arguments are unclear, particularly as these issues are not discussed within an appropriate assignment of error. Appellant also does not specify which local rules, statutory provisions, or case law on which he predicates his arguments.

**{¶33}** As Appellant has failed to make any legal argument under this assigned error, we have nothing to address.

**{¶34}** Appellant's third assignment of error is without merit and is overruled.

**{¶35}** The decision of the Municipal Court of Licking County, Ohio, is affirmed.

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/kw  1128